*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0136**

State of Minnesota,
Respondent,

vs.

Leslie Jay Boyd, Jr.,
Appellant.

**Filed December 8, 2014
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CR1327062

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Kirk M. Anderson, Anderson Law Firm, P.L.L.C., Minneapolis, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Chutich, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

Appellant Leslie Jay Boyd Jr. contends that Minnesota statute criminalizing test refusal is unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013) and *State v.*

*Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014), and that the district court erred in denying appellant's request to dismiss the charges. We affirm.

## FACTS

In the early morning hours of August 17, 2013, a Brooklyn Center police officer observed a vehicle traveling below the posted speed limit. The officer followed the vehicle and observed the vehicle weaving within its lane of travel before crossing over a median divider. After observing this, the officer initiated a traffic stop.

The officer identified the driver as appellant Leslie Boyd, Jr. Appellant's behavior indicated to the officer that he was impaired. The officer administered a field sobriety test called the horizontal gaze nystagmus test, and observed that appellant lacked a smooth pursuit in both eyes. Appellant refused to perform the remaining field sobriety tests and refused to submit to a preliminary breath test. Appellant was placed under arrest and taken to jail. Appellant again refused to submit to testing after being read the implied-consent advisory.

Appellant was charged with refusal to submit to a chemical test pursuant to Minn. Stat. § 169A.20, subd. 2 (2012). Appellant moved to dismiss the test-refusal charge, arguing that section 169A.20, subdivision 2, is unconstitutional. The district court issued an order denying appellant's motion to dismiss. The court concluded that "because the criminalization of refusing to submit to chemical testing under § 169A.02, subd. 2 . . . remains constitutional today, the [appellant's] motion to dismiss is denied."

On January 2, 2014, appellant submitted to a *Lothenbach* proceeding[1] and was found guilty. This appeal follows.

## D E C I S I O N

Appellant argues that the state cannot constitutionally criminalize a person's refusal to submit to chemical testing and that the district court erred by finding the refusal statute constitutional.

"Minnesota statutes are presumed constitutional[,] and . . . our power to declare a statute unconstitutional must be exercised with extreme caution and only when absolutely necessary." *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn. 1999). A party challenging the constitutionality of a statute must show beyond a reasonable doubt that the statute violates a constitutional provision. *State v. Cox*, 798 N.W.2d 517, 519 (Minn. 2011). We review the constitutionality of a statute de novo. *SooHoo v. Johnson*, 731 N.W.2d 815, 821 (Minn. 2007).

The Fourth Amendment and article I, section 10 of the Minnesota Constitution protect the "right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV; *accord* Minn. Const. art. I, § 10. A search conducted without a warrant issued upon probable cause is generally unreasonable. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 619, 109 S. Ct. 1402, 1414 (1989). A warrant is

---

[1] Stipulation to the prosecution's case to obtain review of a pretrial ruling, governed by Minn. R. Crim. P. 26.01, subd. 4, preserves the defendant's right to appeal a dispositive pretrial ruling. Proceedings under subdivision 4, commonly called "*Lothenbach* proceedings" take their name from *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980), which authorized this procedure until it was superseded by subdivision 4. Minn. R. Crim. P. 26.01 cmt.

necessary for such a search unless an exception to the warrant requirement applies. *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013).

The taking of a blood, breath, or urine sample is a physical intrusion that constitutes a search under the Fourth Amendment. *Skinner*, 489 U.S. at 616-17, 109 S. Ct. at 1412–13. For such a search to be reasonable, it must be conducted pursuant to a valid search warrant or an exception to the warrant. *State v. Othoudt*, 482 N.W.2d 218, 222 (Minn. 1992). Before *McNeely*, Minnesota law held that a warrantless blood draw was constitutionally reasonable because the natural dissipation of alcohol in the blood created a single-factor exigent circumstance. *See, e.g.*, *State v. Netland*, 762 N.W.2d 202, 213-14 (Minn. 2009), *abrogated in part by McNeely*, 133 S. Ct. 1552, *as recognized in State v. Brooks*, 838 N.W.2d 563, 567 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014); *State v. Shriner*, 751 N.W.2d 538, 549-50 (Minn. 2008), *abrogated by McNeely*, 133 S. Ct. 1552. However, in *McNeely*, the Supreme Court held that the natural dissipation of alcohol in the bloodstream no longer presented "a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." 133 S. Ct. at 1556. The Court concluded that "exigency . . . must be determined case by case based on the totality of the circumstances." *Id.* This holding was followed by our supreme court in *Brooks*. 838 N.W.2d at 572.

Appellant argues that "Post-*McNeely* (and now Post-*Brooks*), refusing to submit to a warrantless search cannot be criminally prosecuted." We are not persuaded. To the contrary, *McNeely* does not require us to conclude that Minnesota's test-refusal statute is

4

unconstitutional. A plurality of the Supreme Court in *McNeely* described implied-consent laws as part of a state's "broad range of legal tools to enforce [its] drunk-driving laws and to secure [blood-alcohol-concentration] evidence without undertaking warrantless nonconsensual blood draws." 133 S. Ct. at 1566. Likewise in *Brooks*, our supreme court held that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." 838 N.W.2d at 570.

Moreover, both the Minnesota and the United States Supreme Courts have discussed the test-refusal statute with approval. In *South Dakota v. Neville*, the Supreme Court explained that while "the choice to submit or refuse to take a blood-alcohol test will not be an easy or pleasant one for a suspect to make . . . . the criminal process often requires suspects and defendants to make difficult choices." 459 U.S. 553, 564 (1982). In *McDonnell v. Comm. of Pub. Safety*, the Minnesota Supreme Court articulated the same sentiment, finding "the fact that certain individuals may face criminal charges for refusing to undergo testing in no way compels those individuals to refuse." 473 N.W.2d 848, 855-56 (Minn. 1991). Similarly, this court has also discussed the test-refusal statute in a positive light holding that "Minnesota's chemical-test-refusal statute reflects permissible state objectives" as the state has a "compelling interest in highway safety that justifies efforts to keep impaired drivers off the road." *State v. Wiseman*, 816 N.W.2d 689, 695-96 (Minn. App. 2012), *cert. denied*, 133 S. Ct. 1585 (2013). Appellant has not met his heavy burden of showing that *McNeely* renders the test-refusal statute unconstitutional.

5

Appellant also argues that criminalizing test refusal violates his right against self-incrimination. This argument is not persuasive. The United States Supreme Court has held that a state does not violate the Fifth Amendment when it introduces into evidence a driver's refusal to submit to a blood-alcohol-concentration test. *Neville*, 459 U.S. at 564-66, 103 S. Ct. at 922-24. Similarly, in *McDonnell*, our supreme court held that Minnesota's implied-consent law does not coerce a driver into testifying against himself. 473 N.W.2d at 855-56; *see also Brooks*, 838 N.W.2d at 570 (following *McDonnell* and *Neville* and holding that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test").

**Affirmed.**